# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD DIVISION

| | |
|---|---|
| **DEBORAH A. TILSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:09-0931** |
| ) | |
| **AMBER NELSON, Warden,** ) | |
| ) | |
| **Defendant.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Defendant's Motion to Dismiss. (Document No. 15.) Having examined the record, the undersigned finds that it is apparent that Plaintiff failed to exhaust administrative remedies prior to filing her Complaint and therefore respectfully recommends that Plaintiff's Complaint be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a letter-form Complaint on August 13, 2009, naming Amber Nelson, Warden of FPC Alderson, as the Defendant.[1] (Document No. 1.) Indicating that she had been to several FCIs, had no violations and completed a reentry and Life Connection Program, Plaintiff stated that she was seeking "help on filing a motion for a reconsideration of my remaining sentence . . .." Plaintiff then stated that she has had significant health problems while incarcerated. Plaintiff stated that she was diagnosed with "PAD in 2007 and had a stint and balloon to open up an artery in my right leg." (Id., pp. 1 - 2.) Specifically, Plaintiff stated that "I have a serious health situation I am sure of in [my] left

---

[1] Because Plaintiff is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

leg now. It is going on 18 months, and it is getting worse by the month and I can't get the people of the prison to help with the matter. I'm almost unable to walk." (Id., p. 2.) Plaintiff stated that "I need my medical situation taking care of as I know I could, if I could be allowed back in society." (Id.) She requested that she be released on house arrest.[2]

On August 25, 2009, Plaintiff filed an Application to Proceed Without Prepayment of Fees and Costs. (Document No. 3.)

On January 26, 2010, Plaintiff filed a letter form Motion for Appointment of Counsel stating that "I just need more proper medical due to my situation and my age which is 54 years old. I have served 1/2 of my sentence with no infractions and have programed alot." (Document No. 4.)

On June 28, 2010, Plaintiff filed a letter addressed to the District Court concerning her "medical and prolonged healthcare since 2008" which the undersigned has viewed as a Supplement to her Complaint. (Document No. 6.) Plaintiff stated that even though she was referred to "outside" physicians, the physicians informed her that her condition "wasn't in their area of work." (Id., p. 1.) Plaintiff stated that she was eventually referred to a vascular surgeon, who performed an angiogram. (Id.) Plaintiff claimed that the angiogram revealed "a blockage in both legs (arteries)." (Id.) The vascular surgeon allegedly stated that Plaintiff "needed to have a surgery done on the same right leg that was done in Carswell Medical for a stint & balloon in leg." (Id.) Plaintiff further stated that

---

[2] 18 U.S.C. § 3582(c)(1)(A)(i) provides that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that – (i) extraordinary and compelling reasons warrant such reduction * * * and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" Therefore, absent a motion of the Director of Bureau of Prisons, the Court cannot independently reduce or modify a term of imprisonment. *See Kimball v. Hickey*, 2010 WL 4320401 at *6 (E.D.Ky.)("A district court cannot modify a defendant's federal sentence based only on the defendant's ill health, except upon motion of the Director of the BOP.")

"bypass surgery . . . was delayed again after almost 2 years of severe pain with no meds that helped at all. I asked for pain medicine and was denied multiple times . . .." (Id.) Plaintiff indicated that her sister and her family contacted the prison asking that prison officials provide pain medications and after her family contacted the prison, she received pain medications for a couple of days. (Id., pp. 1 - 2.) Plaintiff stated that "[t]his does violate the Eighth Amendment." (Id., p. 2.) Plaintiff further indicated that she was prescribed "steroids with lots of side effects and discomfort for me", was informed that she would only receive pain medications "for a very short period." (Id.) Plaintiff states that "[t]he pain and suffering I have endured is beyond me explaining. I am really mentally anguished and very sick as am not able to eat well." (Id.)

On June 29, 2010, the undersigned granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs. (Document No. 7.) Having examined Plaintiff's letters, the undersigned stated as follows (Id., p. 3.):

> Because Plaintiff's complaint contains allegations only against the named individual Defendant and not the United States and has claimed violations of her constitutional rights, the Court finds that Plaintiff states cognizable claims pursuant to Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), i.e., that Defendants have violated her constitutional rights in providing her with medical care. If Plaintiff's intent was to file an action against the United States pursuant to the FTCA, Plaintiff should notify the Court of her intent in writing. Otherwise, this civil action will be regarded as arising under Bivens.

The undersigned further stated as follows respecting the nature of Plaintiff's claim (Id., p. 6 - 7.)

> Essentially, Plaintiff claims that Defendant is acting with deliberate indifference by failing to timely treat her PAD and provide adequate pain medication. Plaintiff alleges that Defendant has delayed medical treatment for approximately two years. Plaintiff contends that surgery is necessary to removal the "blockages in both legs," but the surgery has been delayed several times. Plaintiff states that she is "almost unable to walk" and the condition is getting worse. Plaintiff alleges that the lack of immediate medical care could result in permanent damage to her legs. The allegations, which must be taken as true at this point, suggest that Defendant acted with deliberate

3

>indifference to Plaintiff's serious medical condition. The Court, therefore, finds that Plaintiff is claiming that Defendant violated her rights under the Eighth Amendment and her claim is remediable under Bivens.

On July 30, 2010, the Clerk issued three Summonses: one to Defendant; one to the Civil Process Clerk of the Office of the United States Attorney of this District; and one to the Attorney General of the United States. (Document No. 8.) All three Summonses were delivered by certified mail and their return receipts were filed. (Document Nos. 9, 10 and 11.)

On August 12, 2010, Plaintiff filed a letter addressed to the undersigned which the undersigned considers a further supplement to her Complaint. (Document No. 12.) Plaintiff stated that she had bypass surgery on July 20. Plaintiff indicated that upon her return to FCI Alderson, she was not provided a wheel chair and was required to walk to the medical ward, developed a bladder infection, was unable to eat, was "very sick and short breathed, was given a low level pain medication and was required to move her bedding and belongings to another unit. (Id., pp. 1 - 2.) Plaintiff stated that "[m]y situation (health/surgery) has not been taken care of in over two years." (Id., p. 2.)

On September 29, 2010, Defendant filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment with the Declaration of Ms. Sharon Wahl, a Paralegal at the Beckley Consolidated Legal Center, FCI Beckley, attached as an Exhibit and a Memorandum in Support. (Document Nos. 15 and 16.) Citing Federal Rules of Civil Procedure 12(b)(6) and 56, Defendant stated that "[t]he complaint fails to state a claim for which relief by habeas corpus as plaintiff has failed to exhaust her administrative remedies and there is no authority to grant plaintiff the relief she seeks." (Document No. 17.) Defendant urged that this should be considered a *habeas corpus* matter, not a Bivens matter as the undersigned has found. (Document No. 17, p. 2.) Defendant reasoned that

this is a *habeas corpus* case because (1) Plaintiff "is seeking the immediate or speedier release from prison", (2) Plaintiff names Defendant in her official capacity and does not allege how Defendant violated her constitutional rights[3], and (3) Plaintiff does not request monetary relief. (Id., pp. 3 - 4.) Defendant asserted that this matter should be dismissed because Plaintiff failed to exhaust administrative remedies and in any event, the Court does not have the authority to grant Plaintiff the relief which she requests, home confinement or the reduction or reconsideration of her sentence. Defendant submitted the Declaration of Ms. Wahl in support of her assertion that this matter should be dismissed for Plaintiff's failure to exhaust administrative remedies. Ms. Wahl indicated that, having access to the BOP's computer database respecting inmates administrative complaints and Judgment and Commitment, Central and tort claim files, she determined as follows:

> 5. Inmate Tilson did not file any administrative remedies requesting home confinement, a reduction in her sentence, or a reconsideration of her sentence.
>
> 6. Although inmate Tilson did file some administrative remedies regarding her health care, these remedies were never fully exhausted through all levels of the administrative process.
>
> 7. Inmate Tilson has not filed any administrative claim with the agency under the Federal Tort Claims Act.

Ms. Wahl attached a copy of information which she obtained in examining the BOP's computer database respecting Plaintiff's administrative complaints indicating that Plaintiff requested outside medical treatment in September, 2008, requested to see an orthopedic specialist in March, 2010, and filed a medical complaint in April, 2010.

By Order filed on September 30, 2010 (Document No. 17.), the undersigned notified Plaintiff

---

[3] Defendant states that she was not served with the Summons and Complaint personally and therefore "the court lacks personal jurisdiction over her." (*Id.*, p. 3.)

purusant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that she had the right to file a response to Defendant's Motion to Dismiss and submit Affidavits or statements, exhibits or other legal or factual material supporting her positions and issues in the case as they are challenged by Defendant in her Motion to Dismiss.

On October 8, 2010, Plaintiff filed a letter addressed to the undersigned which appears basically to be a request for the appointment of counsel. (Document No. 18.) Plaintiff referred to this case as involving "violation of my Eighth Amendment." Plaintiff stated that "I would like this Court to allow me time to exhaust my administrative remedies at all institution levels; and seek redress from the appropriate Federal Agency for my delayed medical care (Federal Tort Claim)."

On January 26, 2011, Plaintiff filed a Motion to Defer Payments on Judgment and Commitment for Financial Responsibility. (Document No. 21.) Plaintiff requested that the Court defer the requirement of her payment of restitution until she completes her term of incarceration. Plaintiff indicated that she is required to pay for certain medications and has the expense of stamps and calls home and no longer has income through her work at the prison and from her family sufficient to continue paying restitution as required.[4]

## THE STANDARD

**Dismissal Under Rule 12(b)(6).**

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

---

[4] Plaintiff was convicted of bank robbery and aiding and abetting bank robbery in the United States District Court for the Western District of North Carolina. *See United States v. Tilson*, 142 Fed.Appx. 786 (4th Cir. 2005). That Court sentenced Plaintiff to a 120 month term of imprisonment. Apparently, the Court also imposed a fine or required restitution, and the BOP is administering that aspect of Plaintiff's sentence while she is incarcerated. This District Court is without authority to order any deferral in Plaintiff's payment of a fine or restitution as required by the Western District Court and administered by the BOP.

factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic Corporation v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1959, 167 L.Ed.2d 929 (2007)(reference to Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), omitted.) Dismissal is proper under Rule 12(b)(6) where, construing the allegations of the Complaint in a light most favorable to the Plaintiff and assuming the alleged facts to be true, it is clear as a matter of law that no relief could be granted under any set of facts which could be proven consistent with the allegations. Deference is given to *pro se* Complaints. *See* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978)(A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965)(*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45 - 46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

**Summary Judgment.**

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.

Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, therefore, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## **DISCUSSION**

Reading all of the documents which Plaintiff has filed together and liberally as the Court must, it is clear that Plaintiff has basically asserted that Defendant violated her Eighth Amendment right to adequate medical care while she has been incarcerated as the undersigned initially determined and this is therefore a Bivens case. Defendant incorrectly urges that this matter is basically a *habeas corpus* case and as such should be dismissed for Plaintiff's failure to exhaust administrative remedies. While Defendant has incorrectly viewed this as a *habeas corpus* case, it nevertheless is evident that viewing it as a Bivens case, Plaintiff did not exhaust administrative remedies before filing her Complaint and this case should be dismissed because she did not.

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. at 395-97, 91 S.Ct. at 2004-05; See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid constitutional right by a person acting under color of federal law. The United States Supreme Court has held that an inmate may name a federal officer in an individual capacity as a defendant in alleging an Eighth Amendment constitutional violation pursuant to Bivens. See Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reinbold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

The Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative

process may not afford them the relief they might obtain through civil proceedings.[5] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). "[T]here is no futility exception to the PLRA's exhaustion requirement." Massey v. Helman, 196 F.3d 727, 733 (7th Cir. 1999). But the plain language of the statute requires that only "available" administrative remedies be exhausted. A grievance procedure is not "available" if prison officials prevent an inmate from using it. Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims

---

[5] 42 U.S.C. § 1997e(a) provides as follows:

No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

she raises in a Bivens action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. See Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. See Neal v. Goord, 267 F.3d 116, 121 - 122 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in Neal, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. Neal, 267 F.3d at 123. In Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that she has exhausted her administrative remedies. See Jones v. Bock, supra; Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 677 (4th Cir. 2005). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had available remedies which she did not exhaust. See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a

11

precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. The Fourth Circuit stated in Anderson, 470 F.3d at 683, as follows:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

For Bivens purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." Dale v. Lappin, 376 F.3d at 655 (internal citations omitted); also see Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006)(stating that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings"). The Federal Bureau of Prisons [BOP] has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve her complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaint, the inmate must complete this first step and submit a formal

"Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c). If at any level an inmate does not receive a response, "the inmate may consider the absence of a response to be a denial at that level." Id., § 542.18.

Ms. Wahl stated in her Declaration that "[a]lthough inmate Tilson did file some administrative remedies regarding her health care, these remedies were never fully exhausted through all levels of the administrative process." (Document No. 15 Exhibit.) Plaintiff acknowledges that she did not exhaust administrative remedies as she requested that the Court allow her time do so

13

while this case is pending and also proceed administratively with a Federal Tort Claims Act claim. (Document No. 18.) Because Plaintiff failed to exhaust administrative remedies with respect to her claims in this matter prior to filing her Complaint, the undersigned concludes, and hereby respectfully recommends, that this matter should be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Defendant's Motion to Dismiss (Document No. 15.), **DISMISS** this matter and **REMOVE** it from the Court's docket.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Plaintiff shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466,

88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff who is acting *pro se*, and transmit a copy to counsel of record.

Date: April 18, 2011.

                                          R. Clarke VanDervort
                                          United States Magistrate Judge